IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUANITA M GARNER,<br><br>Plaintiff,<br><br>vs.<br><br>RENT-A-CENTER EAST, INC., EXPERIAN INFORMATION SOLUTIONS INC., and EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendants. | 4:21CV3152<br><br>ORDER |

This matter is before the Court on the motion of Defendant RAC Acceptance East, LLC d/b/a/ Preferred Lease ("Preferred Lease") to Compel Arbitration and Dismiss. (Filing No. 19.) For the reasons explained below, the motion will denied without prejudice to reassertion.

## BACKGROUND

In this suit, Plaintiff contends Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, by inaccurately reporting a Preferred Lease account on her credit report. (Filing No. 1-1.) Plaintiff maintains she never opened the account and that it was a result of identity theft. Preferred Lease has now moved to compel arbitration pursuant to the Purchase-Lease Agreement allegedly executed between the parties. The Purchase-Lease Agreement contains an arbitration provision.

## DISCUSSION

The Federal Arbitration Act ("FAA") provides that written agreements to resolve disputes through arbitration are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA was enacted "to reverse

the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corporation, 500 U.S. 20, 24 (1991).

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960). Therefore, a court asked to compel arbitration under the FAA must address two questions: (1) whether a valid agreement to arbitrate exists and (2) whether the arbitration agreement encompasses the issues in dispute. Larry's United Super, Inc. v. Werries, 253 F.3d 1083, 1085 (8th Cir. 2001).

The parties disagree regarding whether an agreement to arbitrate was ever formed. Plaintiff maintains she was the victim of identity theft and did not execute the Purchase-Lease Agreement, which contains the arbitration provision. Plaintiff contends that to resolve the issue of whether an agreement to arbitrate exists, the Court should convene an expedited trial pursuant to 9 U.S.C. § 4. That provision provides that if the making of the arbitration agreement between the parties is in issue, "the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. Defendant Preferred Lease does not oppose Plaintiff's request for an FAA § 4 trial. However, Preferred Lease argues that limited, arbitration-related discovery is necessary. Preferred Lease requests that the Court give the parties ninety (90) days to conduct this discovery.

Having considered the matter,

**IT IS ORDERED:**

1. The Motion to Compel Arbitration and Dismiss (Filing No. 19) is denied without prejudice to reassertion.

2. The parties are granted ninety (90) days to conduct arbitration-related discovery pertaining to the formation of the underlying contract and claims of identity theft.

3. The undersigned will hold a telephone conference with the parties on December 29, 2021, at 2:00 p.m. to discuss case status and scheduling matters. Telephone instructions for the status conference will be filed by separate order.

Dated this 12th day of November, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge