**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| JUANITA M GARNER,<br><br>    Plaintiff,<br><br>vs.<br><br>RENT-A-CENTER EAST, INC., EXPERIAN INFORMATION SOLUTIONS INC., and EQUIFAX INFORMATION SERVICES LLC,<br><br>    Defendants. | 4:21CV3152<br><br>**STIPULATED PROTECTIVE ORDER** |

THIS MATTER is before the Court on the parties' Stipulated Motion for Protective Order. (Filing No. 51.)  The motion is granted.  Accordingly,

IT IS ORDERED that the Stipulated Protective Order be entered as follows:

**1.**  **Definitions.**  As used in this protective order:

  (a) "attorney" means an attorney who has appeared in this action or is an employee of any named firm and actively assisting an attorney of record in the matter;

  (b) "confidential document" means a document designated as "Confidential" or "Confidential – Attorneys Eyes Only" under this protective order;

  (c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

  (d) "document" means information disclosed or produced in discovery, including at a deposition;

  (e) "notice" or "notify" means written notice;

  (f) "party" means a party to this action; and

  (g) "protected document" means a document protected by a privilege or the work-product doctrine.

**2.** **Designating a Document or Deposition as Confidential.**

    (a)    A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends, after a good faith review, that it contains confidential or proprietary information.

    (b)    A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

    (c)    Deposition testimony may be designated as confidential:

        (1)    on the record at the deposition; or

        (2)    after the deposition, by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agreed.

    (d)    If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3.** **Who May Receive a Confidential Document.**

    (a)    All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

    (b)    No person receiving a confidential document may reveal it, except to:

        (1)    the court and its staff;

        (2)    a party's attorney or the attorney's partner, associate, or staff;

        (3)    a person shown on the face of the confidential document to have authored or received it or the corporate representative of any corporate entity that produces a confidential document;

        (4)    a court reporter or videographer retained in connection with this action;

        (5)    a party (subject to paragraph 3(c));

  (6) any person who the designating party or designating non-party otherwise agrees it may be revealed to; and

  (7) any person who:

    (A) is retained to assist a party or attorney with this action, including any expert witnesses; and

    (B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Juanita M. Garner v. Rent-A-Center East, Inc. d/b/a Preferred Lease; Experian Information Solutions, Inc.; and Equifax Information Services, LLC*, 4:21-cv-03152-JMG-SMB, in the United States District Court for the District of Nebraska. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
>
> I declare under penalty of perjury that the foregoing is true and correct.

 (c) A party may supplement the "confidential" mark with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party or non-party, except that documents so designated may be revealed to Plaintiff, provided that Plaintiff signs the declaration set forth in paragraph 3(b)(7)(B), and that an executed copy of the declaration has been served on counsel for Defendants.

 (d) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4.** **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

**5.** **Gramm-Leach-Bliley Act.** To the extent that a party—including any third party that produces documents in response to a discovery request, subpoena, or Court order in this action—produces account records of a "consumer" as defined under the Fair Credit Reporting Act ("FCRA"), including the plaintiff, those records may be produced as "Confidential." Such production is deemed by the Court to fall within the exceptions set forth in 15 U.S.C. § 6802(e)(2), (3), and (8) of the Gramm-Leach-Bliley Act.

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6. **Use of a Confidential Document in Court.**

    (a) Filing. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal. The parties shall comply with the Court's local rule governing filing under seal. This protective order, however, does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with LR 5.2, LCrR 49.4, and Section 19 of the Electronic Filing Policies and Procedures Manual.

    (b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

    (a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c) Changing a designation by court order. After a good faith meet and confer, a party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c) and bears the burden of demonstrating that a document it marked as confidential is truly confidential.

8. **Handling a Confidential Document after Termination of Litigation.**

    (a) Within 60 days after the termination of this action (including any appeals), each party must:

4

  (1) return or destroy all confidential documents; and

  (2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

 (b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court, along with e-mails and similar communications containing confidential documents or references thereto, and each attorney may retain records as required by the professional rules of conduct for lawyers.

**9.** **Inadvertent Disclosure or Production to a Party of a Protected Document.**

 (a) Notice.

  (1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

  (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

 (b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10.** **Security Precautions and Data Breaches.**

 (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

 (b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11.** **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this litigation.

Dated this 25th day of February, 2022.

               BY THE COURT:

               s/ Susan M. Bazis
               United States Magistrate Judge